**In re Linda Darnell DUNHAM, Debtor.**

**Bankruptcy No. 90–04379–8–ATS.**

United States Bankruptcy Court,
E.D. North Carolina.

Oct. 23, 1992.

Kenneth E. Banks, Fayetteville, N.C., for debtor.

Carol A. Morrison, Fayetteville, N.C., for trustee.

MEMORANDUM OPINION
AND ORDER

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion filed by the chapter 7 debtor, Linda Darnell Dunham, to compel the trustee, Carol A. Morrison, to turnover to the debtor the debtor's profit sharing benefits. A hearing was held on September 15, 1992, in Raleigh, North Carolina.

The debtor was a participant in a profit sharing plan qualified under the Employee Retirement Income Security Act (ERISA). 29 U.S.C. §§ 1001–1461. Her employment was terminated prior to bankruptcy, but her plan benefits were not paid until after the filing of her bankruptcy petition. The issue is whether the funds in the ERISA-qualified plan are property of the debtor's estate. The court concludes that they are not.

## FACTS

Ms. Dunham was employed by Triangle Building Supply, Inc. and participated in Triangle's ERISA-qualified profit sharing plan. At the time the debtor's employment terminated on March 10, 1990, her interest in the profit sharing plan was fully vested.

The plan, known as the March Development Corporation Profit Sharing Plan, provides that the value of a terminated employee's vested interest in the plan shall be determined as of December 31 in the year of termination and that the benefits shall be paid after that date. (Plan ¶ 6.4(a)). A terminated employee with vested benefits exceeding $3,500 has the option of leaving the funds in the plan. (Plan ¶ 6.4(a)). It is not clear from the plan terms when the election must be made.

Ms. Dunham's interest in the plan as of December 31, 1990, was $12,433.31, and Ms. Dunham did not exercise her option to leave the funds in the Triangle plan.

The debtor's chapter 7 petition was filed on December 21, 1990, and the plan benefits were paid to the debtor on March 10, 1991 ($11,491.76) and on April 30, 1991

**14**

($941.55). The debtor transferred the funds to the trustee less $2,500 which the debtor was entitled to exempt under N.C.GEN.STAT. § 1C–1601(a)(2), North Carolina's "wildcard" exemption.

The debtor now seeks to recover all of the pension benefits on the ground that at the time of the bankruptcy petition, the funds, as part of an ERISA-qualified plan, are not property of the debtor's estate. The court agrees.

## DISCUSSION AND CONCLUSIONS

When a debtor files for chapter 7 bankruptcy protection most of the debtor's assets as of the petition date become property of the estate. 11 U.S.C. § 541(a). There are, however, exceptions to that general proposition.

 Assets in a trust which have restrictions on the transfer of the debtor's beneficial interest under applicable nonbankruptcy law, are specifically excluded from property of the estate by § 541(c)(2). Funds in ERISA-qualified plans are not property of the estate pursuant to § 541(c)(2). *Patterson v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). Clearly, Ms. Dunham's profit sharing benefits would be excluded from property of the estate if she were still employed at Triangle.

The trustee argues, however, that the funds are not protected because the debtor's employment was terminated and she did not elect to keep the funds in the Triangle plan.

It is true that once her employment was terminated, the debtor had considerably more control over her vested profit sharing funds. She could have left the funds in the plan, she might have transferred them to another qualified plan, or she could have received the benefits in cash. Control over the funds, however, does not appear to be the determining factor. In *Shumate* the debtor's funds were exempt even though the debtor controlled the corporation that operated the ERISA-qualified plan and could have terminated the plan any time he wished.

In the present case funds on the petition date were subject to the anti-alienation provisions of the plan and, consequently, were not property of the estate. Until the funds are in the hands of the beneficiary, the funds are still subject to the plan's transfer restrictions. *See, McLean v. Cent. States, Southeast and Southwest Areas Pension Fund*, 762 F.2d 1204 (4th Cir.1985).

Since the funds are not property of the estate they are property of the debtor. Accordingly, the debtor's motion is ALLOWED, and the trustee is directed to turnover the balance of the funds to Ms. Dunham.

SO ORDERED.